CITY OF BILOXI *v.* CREEL, et al.

No. 40605½          December 9, 1957          98 So. 2d 774

*Thomas J. Wiltz,* Biloxi, for appellant.

No appearance for appellees.

ROBERDS, P. J.

On May 4, 1956, the Circuit Court of Harrison County, Mississippi, by an order entered on its minutes, dismissed a pending suit in that court by the City of Biloxi against appellee J. A. Creel and his bondsman. That action of the circuit court was based upon the assumption that a resolution adopted by the Mayor and Commissioners of the City, dated April 19, 1956, authorizing and directing such dismissal, was a legal and valid resolution.

On November 11, 1957, this Court, in the case of Theo Friedhof vs. City of Biloxi, No. 40,564, not yet reported in the State Reports, adjudicated that said resolution of April 19th was void and of no effect. That necessarily reverses the action of the circuit court in dismissing the suit on May 4, 1956, from which action this appeal was taken.

But this appeal also involves two questions in addition to that of the legality of the resolution of April 19th. One question is whether we shall remand the cause to the Chancery Court of Harrison County, where it was first instituted, or to the circuit court of said county, to which it was transferred by the chancery court, and whence it comes to this Court on appeal.

■■ ■ Ordinarily the court to which a case is transferred should not retransfer it but should proceed to its determination. Section 517, Griffith's Miss. Chancery Practice, Second Edition. However, that rule is not binding upon this Court. Section 147, Constitution of 1890, provides that ''No judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction; but if the Supreme Court shall find error in the proceedings other than as to jurisdiction, and it shall be necessary to remand the case, the Supreme Court may remand it to that court

which, in its opinion, can best determine the controversy.''

The error which has been determined on this appeal is not that of jurisdiction and it is necessary to remand the case; therefore, the last clause in the foregoing section becomes applicable and effective and it is our duty to determine which court, the circuit or chancery, ''can best determine the controversy.''

The wrongful conduct of Creel, giving rise to this right of action against him and his bondsman, as alleged both in the bill and declaration, falls into three classes:

First, that Creel, as Commissioner and City Clerk of the City of Biloxi, assisted in the preparation of a budget for said City for the fiscal year beginning October 1, 1952, and ending September 30, 1953, which budget was adopted by the City substantially in the manner contemplated by Section 9121-03, Miss. Code 1942. A copy of the budget was attached as an exhibit to the bill and also to the declaration. It is then charged that during the year 1952-1953 there were general budget excesses in the form of expenditures, obligations, liabilities, and appropriations amounting to $125,000.00, all being in violation of said Section 9121-03; that because of affirmative action by Creel and his failure to act when he should have acted, all in his official character as commissioner and clerk, he participated in and helped bring about the foregoing conditions, and he and his bondsman became liable to the City for the stated sum of money. And in connection with this charge, Creel and his bondsman made a motion for a bill of particulars showing a detailed list of the budget excesses, a copy of each and all warrants representing unlawful payments of the money of the City, together with the books and pages showing the issuance and payment of such warrants, and the names of the payees in the warrants and names of those who authorized the issuance of the warrants. This motion was sus-

tained by the circuit judge. These detailed acts become a part of the charges against Creel.

Second, that Creel, as City Commissioner and a member of the governing authority of Biloxi, did, during the period from the first day of April and the first Monday of the following July, in the last year of his term of office, expend from funds of the City and contract obligations on the part of the City, in excess of one fourth of various items of the City budget as made and published for that year, in the total amount of $11,000.00, in violation of Section 9121-15 of Miss. Code 1942.

Third, it is charged that Creel, as city clerk, failed to keep the records and books of the City, and, as commissioner, failed to see and require that such books and records be kept, all in violation of Section 9121-05 of said Code. The books which should have been, but were not, kept, according to the charges, were a general ledger, general journal, revenue ledger, expenditure ledger, record of public utility funds and expense accounts, record of revenues and expenditures, bond and interest retirement fund, record of miscellaneous funds, and a record of receipts and disbursements of the City, and that this negligence "resulted in the aforesaid budget excesses in the sum and amount of at least $125,000.00, excessive expenditures over revenue of $108,993.12, and damage to the City of Biloxi in the sum and amount of $196,928.45, in the form of a deficit, unpaid bills and obligations for said fiscal year 1952-53 of the City of Biloxi."

Thus it is seen that the charges cover a large field and involve many items; that an audit and a budget of the City affairs will be involved; that the duties, or lack of duties, of Creel as applied to the many expenditures and obligations included within the charges will confront the trial tribunal; that many instructions on the various items might appropriately be granted; that the charges involve, to some extent, disclosures and discoveries; that it would be difficult to get twelve men on a

jury possessing the type of ability, learning and training necessary to properly understand and evaluate the many factors which will be presented on the trial of this case. In our opinion the chancery court ''can best determine the controversy.'' Therefore, it is our opinion the case should be reversed and remanded to the Chancery Court of Harrison County.

██ ██ Creel made a motion for a bill of particulars. The motion was granted as to the alleged budget excesses constituting grounds for recovery of $125,000.00 as set out above under heading ''First''. Creel says that it should have been sustained as applied to the charges under headings ''Second'' and ''Third'' herein above set out. As stated, a copy of the city budget was exhibited with the bill and the declaration, and it appears that an audit of the city affairs was available to Creel. In addition, if clarification of any charge be needed to fully inform Creel of the nature and character and amount of the claims against him, the chancery court will have ample power to require such clarification to be made. We find no error in the action of the circuit court as applied to the motion for a bill of particulars.

Reversed and remanded to the Chancery Court of Harrison County, Mississippi.

*Hall, Lee, Kyle,* and *Holmes, JJ.,* concur.